## SUPREME COURT.

SAMUEL CHEEVER agt. SARATOGA COUNTY BANK.

*Proceedings to perpetuate testimony.*

Under the Revised Statutes, article 5, title 3, chapter 7, part 3, a party to
an action has not an absolute right to examine any witness under this
statute at any time before or after issue joined.

The object of the statute is to *perpetuate* the testimony of a witness, whose
evidence is material, and from age, non-residence or infirmity the party
is in danger of losing if not perpetuated under this statute.

The proceeding under this statute must be taken in entire good faith.
And where it is intended to include in the examination more than one
witness, the judge before whom the examination is to take place will,
in his discretion, determine which are to be examined and which not.

*Saratoga County, at Chambers, July* 31, 1874.

*Before Hon.* C. S. LESTER, *County Judge.*

THIS is a proceeding on the part of the plaintiff, to take
the testimony of William Scott, president, and David M.
Van Hoevenbergh, cashier of the defendant, under article 5
of title 3, chapter 7 of part 3 of the Revised Statutes.

*Townsends & Browne,* for plaintiff.

*J. C. Ormsby & N. C. Moak,* for defendants.

LESTER, *Co. J.*—The cause is at issue, and the defendant's
counsel object to this examination on the ground that the
proceeding is not in good faith to perpetuate the testimony
of these witnesses, but to fish for testimony wherewith to
make out a case against defendant.

Cheever agt. Saratoga County Bank.

It is claimed, and I understand not disputed, that the witnesses are residents of the county of Saratoga, and have no intention of departing therefrom; that they are in good health, and in all probability will be ready to be examined upon the trial; that one circuit has already passed since the cause was at issue when it might have been tried and these witnesses examined; that plaintiff voluntarily allowed the cause to go over the term, and that another circuit will occur next month. It is further claimed that under the pleadings the burden of proof is on the defendant, and these very witnesses must be used to establish any defense.

The plaintiff claims that a party to an action has an absolute right to examine any witness under this statute, at any time before or after issue joined. On the other hand, the defendant claims that it is a statute to enable a party to *perpetuate* the testimony of a witness whose evidence is material, and whose evidence, from age, non-residence or infirmity, the party is in danger of losing if not perpetuated under this statute.

The superior court, in *Paton* agt. *Westervelt* (5 *How.*, 399), seems to have taken this view of the statute, and held that the court must be satisfied that the object of the proceeding was in *good faith* to perpetuate the testimony of the witness, and also to have held that a state of facts, similar to those in this case, was evidence that the proceedings were not in good faith to perpetuate evidence.

In the case of the witness Van Hoevenberg, who is a resident of this county, in good health, and in the prime of life, there does not seem to be any reason for taking his testimony that does not exist in the case of every witness in each of the three hundred cases at issue in this county. I do not understand the statute to have so broad an application. Such certainly has not been the general understanding of the profession, and I cannot find that the case of *Paton* agt. *Westervelt* has ever been doubted or questioned.

I shall, therefore, refuse to proceed with the examination

of Van Hoevenberg, and dismiss the proceedings as to him, for the reasons above stated. If I am wrong the plaintiff will have no difficulty in correcting my error.

In the case of Mr. Scott, it is stated that he is already eighty years of age, and although he appears to be in good health and "his eyes not dim nor his natural force abated," yet, since the days of the psalmist, the experience of mankind is that, beyond "three score years and ten," human life is exceptional and uncertain.

In case, therefore, the plaintiff files and serves an affidavit that this proceeding is taken in good faith to perpetuate the testimony of Mr. Scott, who, he is informed and believes, is upward of seventy years of age; that he desires and expects to use such evidence upon the trial of this action, in case Mr. Scott cannot attend as a witness, and that he is apprehensive that he may lose the benefit of the testimony of Mr. Scott, unless it is taken in these proceedings, I shall proceed with the examination of Mr. Scott.

As I presume from the statements of the plaintiff that such affidavit will be made, the parties, in pursuance of the agreement before me, will attend at the office of William C. McHarg, Esq., in the city of Albany, on the seventeenth of August, and proceed with such examination.